# Westinghouse Electric Corporation, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph Bencloski, Respondents.

Argued March 9, 1979, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*Robert C. Jones*, with him *Jones, Gregg, Creehan & Gerace*, for petitioner.

*James N. Falcon*, for respondents.

OPINION BY JUDGE WILKINSON, JR., April 11, 1979:

Petitioner (employer) appeals an order of the Workmen's Compensation Appeal Board affirming a referee's decision awarding total disability benefits to claimant pursuant to the occupational disease provisions of The Pennsylvania Workmen's Compensation Act.[1] We affirm.

The employer does not dispute the referee's finding that claimant was exposed to sand and silica dust during the course of his employment at petitioner's East Pittsburgh plant from 1942 to July 5, 1975, or that claimant is totally disabled due to respiratory problems. Rather the employer contends that there was insufficient competent evidence to support a finding of a causal connection between the employment and disability. The evidence on this point was presented by two physicians. Claimant's physician of 25 years, a general practitioner, testified, based upon a

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

hospital x-ray report and claimant's history that claimant was disabled from silicosis as a result of his cumulative exposure to sand and dust in the course of his employment. On cross-examination, he flatly rejected the possibility that claimant's disability resulted from non-work related factors. The employer's medical expert, a Board certified internist and specialist in pulmonary diseases, testified that he found no evidence of pneumoconiosis in x-rays taken at his direction; he diagnosed claimant's disability as chronic bronchitis and emphysema which he attributed to smoking cigarettes.

Where a challenge is made to the sufficiency of medical evidence in workmen's compensation cases, this Court has expressly held that the referee is the sole judge of the credibility of medical witnesses appearing before him and the referee may properly accept testimony of a general practitioner regarding the relationship of a patient's employment to his pulmonary condition and reject the conflicting evidence of an internist. Moreover, while the qualifications of a physician may affect the relative weight of the testimony, it does not render a physician incompetent as a matter of law to testify as to the existence of a disease and medical causation. *City of Hazleton v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978). Similarly, here, the fact that claimant's physician testified as to the presence of silicosis based on an x-ray report, made by a hospital at the direction of the physician, rather than x-rays themselves merely goes to the relative weight to be given to the testimony. Since the hospital report of these records clearly indicates a diagnosis of "pulmonary fibrosis" which the claimant's physician testified was medical evidence of silicosis, as distinguished from evidence of emphysema, we find this testimony constitutes sufficient evidence

to support the referee's finding of disability due to silicosis.

Accordingly, we will enter the following

ORDER

AND Now, April 11, 1979, the order of the Workmen's Compensation Appeal Board at Docket No. A-74352, dated May 25, 1978, is hereby affirmed and it is ordered that judgment be entered in favor of the claimant, Joseph Bencloski, and against Westinghouse Electric Corporation, self-insured, in the amount of $131.60 per week beginning October 29, 1975 and continuing thereafter in accordance with the provisions of The Pennsylvania Workmen's Compensation Act with interest at the rate of 10 percent per annum on deferred amounts of compensation. It is further directed that Westinghouse Electric Corporation pay Bills of Cost in the amount of $350.00. Attorney fees in the amount of $2,900.00 are to be paid by Westinghouse Electric Corporation directly to James Falcon, Esq., from compensation due and owing claimant. Westinghouse Electric Corporation is entitled to a credit of $1,075.00 in sickness and accident benefits paid to claimant.