442 A.2d 242

**Leverne G. WEIDNER, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD, and Firestone Tire & Rubber Co., Respondent.**

Supreme Court of Pennsylvania.

Argued Jan. 21, 1982.

Decided March 16, 1982.

Marc S. Jacobs, Philadelphia, for appellant.

Joseph R. Thompson, John C. Janos, Philadelphia, for Firestone Tire.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

This is an appeal by claimant's attorney from an order of the Commonwealth Court reversing an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of attorney's fees. We reverse and remand.

This case originated on February 15, 1973, when claimant's employer, Firestone Tire and Rubber Company, apparently on instructions from its insurance carrier, filed a petition for termination. Following a hearing, the referee dismissed the petition and ordered a suspension of benefits. He failed, however, to award counsel fees.[1] The Board affirmed. The Commonwealth Court, after determining that there had been no showing of a reasonable contest by the employer, reversed the Board and remanded for the purpose of determining the amount due claimant, after further hearing, as reasonable costs incurred for attorney's fees in connection with these proceedings. *Weidner v. Workmen's Compensation Appeal Board*, 16 Pa.Commonwealth Ct. 561, 332 A.2d 885 (1975).

[1]. The petition followed a refusal by claimant to sign a final receipt after he had returned to work, still suffering partial disability, but at wages equal to or in excess of those he was earning prior to the injury. The record shows he was not offered the alternative of a supplemental agreement providing for a suspension of benefits prior to the filing of the petition; and his counsel's offer to dispose of the matter by suspension, prior to his appearance at the hearing, was refused. At the hearing the employer was unable to produce any medical evidence justifying a termination, but rested on a showing of return to work at equal wages, a showing which entitled it only to the suspension which was previously offered and refused.

Following the hearing on remand, the referee ordered claimant's employer, through its insurance carrier, to pay $3,750 in counsel fees directly to claimant's attorney. The Board again affirmed and the employer and its insurance carrier appealed. A divided panel of the Commonwealth Court, relying on Section 442 of the Pennsylvania Workmen's Compensation Act (Act),[2] reversed the Board and disallowed the award of counsel fees. *Firestone Tire and Rubber Co. v. Workmen's Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 601, 399 A.2d 1176, (1979). We granted claimant's petition for review.

Section 442 of the Act provides as follows:

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

In cases where the efforts of claimants' counsel to produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, *as agreed upon by claimant and his attorneys*, without regard to any per centum.

(emphasis added). The Commonwealth Court reasoned that, in this instance, the fee agreement between claimant and his attorney precluded an award of counsel fees. This agreement was that counsel would receive twenty percent of any award received. The critical factor according to the Commonwealth Court was that under this agreement, the claimant *himself* did not owe his attorney any counsel fee since no

2. Act of June 2, 1915, P.L. 736 *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 998.

award of benefits was received. Under these circumstances, the Commonwealth Court found the denial of counsel fees not only to be consistent with the fee arrangement but also to be required by Section 440 of the Act, 77 P.S. § 996, which states:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

> In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

Because it felt Section 440 was intended to provide only the same recoupment of costs incurred by the claimant as Section 442, the Commonwealth Court concluded there could be no award here, where claimant's fee agreement imposed no cost on him in the absence of counsel's creation of a fund.

Claimant's counsel argues that where, as here, the employer has brought an "unreasonable contest," there should be no requirement that a claimant personally incur litigation expenses before such costs may be imposed upon the employer and awarded under the Act. We agree.

The Commonwealth Court erred in limiting Section 440 of the Act solely to recoupment as provided in Section 442. Our examination of these two separate statutory sections leads us to believe they serve different purposes. Section 442 evidences a legislative intent of protecting claimants against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements. As such, it is properly limited to recoupment. Section 440, on the other hand, shows a legislative intent of protecting claimants against unreasonable contests of a claimant's initial or continuing right to the benefits of the act, including the benefit of a suspension, where a monetary award is not possible. To limit Section 440 to the same policy of recoupment as Section 442 would frustrate the legislative purpose of protecting claimants against unreasonable contests of their right to suspension since claimants dependent upon compensation for themselves and their families are not often in a position to incur a fixed obligation to their attorneys where there is no hope of that attorney's creating a fund out of which it can be paid.

The Commonwealth Court addressed a similar issue in *Cairnbrook Coal Co. v. Workmen's Compensation Appeal Board*, 30 Pa.Commonwealth Ct. 620, 374 A.2d 766 (1977). There, the claimant was a member of a union which provided him with counsel and paid the expenses of his petition for compensation. The employer argued that under Section 440 of the Act only the claimant himself could be paid costs and that the referee could not direct that a witness fee be reimbursed directly to claimant's counsel. In rejecting this argument, the Commonwealth Court stated: "We can find no requirement in Section 440 that would bar payment of costs to those who incurred them on behalf of a claimant, which in this case is the Union." *Id.*, 30 Pa.Commonwealth Ct. at 624, 374 A.2d at 768. Similarly, we are convinced that, in the instant case, there is no statutory prohibition against the payment of reasonable fees to claimant's counsel, who incurred costs and provided valuable professional services on behalf of claimant. *See Harmar Coal Co. v.*

*Workmen's Compensation Appeal Board,* 33 Pa.Commonwealth Ct. 98, 381 A.2d 215 (1977) (employer required to pay *claimant* reasonable charge of her medical witness even though the doctor's charge was actually paid by claimant's union and not by the claimant).

To reach a different result in this case would be to discourage lawyers from engaging in the representation of impecunious claimants in termination proceedings where, as here, the only benefit available to the claimant is a nonmonetary award of suspension.[3] Such a decrease in the availability of competent legal representation could expose claimants to an increased number of "unreasonable contests" brought in an effort to force a settlement upon an injured worker.

We therefore conclude that where, as here, there has been an "unreasonable contest" advanced by the employer and its carrier,[4] an award of attorney's fees is proper under Section 440 of the Act, regardless of whether the

3. That the suspension, although providing no immediate pecuniary benefit to claimant, is valuable is beyond dispute to anyone familiar with our worker's compensation practice. Had claimant signed the final receipt, he would have had the burden of proving medically a recurrence of disability if he desired to reinstate the award. Under a suspension, this burden is on the employer. Moreover, although this is an eye injury case in which the statute of limitations imposed by Section 413 of the Act, *as amended,* 77 P.S. § 772 would not apply, in all other cases, once a final receipt is signed, a claimant's right to reinstate ends three years after its date under 77 P.S. § 772. A recurrence of disability or loss of earning power thereafter from his injury would be without remedy. Under a suspension, he can seek reinstatement at "any time" during the continuance of such suspension *i.e.,* during the remainder of the 500 week period (almost ten years) provided under the Act for partial disability.

4. We do not here hold that the filing of a petition to terminate or modify where the evidence supports only a suspension is per se unreasonable. However, the Commonwealth Court was correct in holding that where, as here, an offer to accept a suspension is made by the claimant by means of a supplemental agreement and the employer persists in litigating the issue in the absence of evidence which would justify any other remedy, the employer's contest is unreasonable as a matter of law, because the employer, who has the burden of establishing reasonableness, produced no evidence to sustain that burden. *Weidner v. Workmen's Compensation Appeal Board, supra.*

claimant himself has actually incurred any costs. Instantly, because counsel clearly incurred some costs on claimant's behalf, the referee's award of fees directly to counsel was proper.

However, while an attorney acting on a claimant's behalf is entitled to reimbursement when there has been an "unreasonable contest," an attorney acting on his own behalf is not. Counsel in this case, having made the economic judgment to pursue an award of counsel fees, is entitled to reasonable compensation from the employer for his time and effort spent in securing a suspension for his client. On this record, however, counsel's representation of the claimant's interests did not extend beyond the initial referee's hearing. Thereafter, his efforts were directed to his own benefit in securing his fee. Counsel may not, therefore, recover fees for his efforts on appeal from the initial referee's determination, solely in order to obtain a fee award.

Accordingly, we reverse the order of the Commonwealth Court and remand the record to the Board for a further remand to the referee for an award of reasonable attorney's fees consistent with this opinion.

ROBERTS, J., concurred in the result.