532 A.2d 549

John T. Allums, Petitioner *v.* Workmen's Compensation Appeal Board (Westinghouse Electric Corp.), Respondents.

Submitted on briefs February 23, 1987, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Paul Auerbach,* for petitioner.

*Michael T. Grimes, Deasey, Scanlan & Bender, Ltd.,* for respondent, Westinghouse Electric Corp.

OPINION BY JUDGE DOYLE, October 27, 1987:

This is an appeal by John T. Allums (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) that denied his petition for reconsideration which petition sought additional counsel fees pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §996, for work done by Claimant's attorney in defending Claimant against an allegedly frivolous appeal by Westinghouse Electric Corp. (Employer).

Claimant suffered a compensable injury on January 14, 1977.[2] In 1982, Employer filed a petition to modify benefits alleging a decrease in Claimant's disability. Claimant hired an attorney to defend against this petition. A few days prior to the referee's hearing, Employer withdrew its modification petition. Claimant's attorney thereupon requested a hearing solely on the issue of at-

---

[1] Act of June 2, 1915, P.L. 736, *as amended.* Section 440 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

[2] The parties entered into a supplemental agreement on April 2, 1979.

torney fees under Section 440 of the Act.[3] The hearing resulted in a referee's determination that Claimant's attorney was entitled to legal fees of $1,000.00 "to be paid by [Employer] because of the filing of the Modification Petition and then withdrawing it."

Employer appealed this order to the Board. Claimant cross-appealed on the basis that the referee erred in inadvertently omitting from his award an eighteen dollar fee for the cost of transcribing the testimony from the hearing. On his appeal form, Claimant also requested that *additional* legal fees be assessed against Employer for the work Claimant's attorney was performing in defending Claimant's case against the Employer's "meritless appeal" from the award of counsel fees. The Board ordered a remand for purposes of correcting the eighteen dollar transcript bill omission (later paid upon stipulation without hearing) but denied Claimant's request for additional legal fees, although it did uphold the $1,000.00 fee assessment granted by the referee for the work done by Claimant's attorney in first preparing to defend the withdrawn modification petition.[4]

---

[3] Section 440 states:

In any contested case where the insurer has contested liability . . . the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, . . . Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established. . . .

In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be. entitled to an award of reasonable costs *as hereinabove set forth*.

77 P.S. §996 (emphasis added).

[4] The Board held that "there is no medical evidence in this record to indicate that the filing of the modification petition was reasonably based."

Claimant petitioned the Board for reconsideration of the issue of the denial of additional legal fees for the work done by his attorney in defending him on appeal, which petition the Board ultimately denied on January 17, 1986. Specifically, the Board held, "Claimant's counsel is entitled to have the defendant pay his fee under Section 440 of the Act which was ordered by this Board in our prior decision. We will not allow any additional counsel fees to be paid by the defendant in this case." Because there was no cross-appeal by Employer, we need only decide whether the Board committed error in refusing Claimant's request for additional legal fees. The $1,000 in counsel fees awarded to Claimant for an unreasonable contest under Section 440 of the Act is not an issue in this appeal.

Claimant, of course, asserts that the additional counsel fees are proper and should have been imposed. Employer disagrees and cites *Weidner v. Workmen's Compensation Appeal Board*, 497 Pa. 516, 442 A.2d 242 (1982) in support of its position.[5] In *Weidner (Pa.)*, a referee failed to make an award for counsel fees in his initial decision, denying the employer's petition to terminate, but did order a suspension of benefits. The Claimant appealed specifically the issue of such fees and our Court in *Weidner v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 561, 332 A.2d 885 (1975) *(Weidner I)* remanded the matter, holding that the contest was unreasonable and that counsel fees

---

[5] Employer also argues that imposition of additional attorney's fees is prohibited by Section 442 (added by Section 3 of the Act of February 8, 1972, P.L. 25), 77 P.S. §998, and 77 P.S. §1021, and by Bureau of Workmen's Compensation Regulation 121.24. 34 Pa. Code §121.24. We agree, however, with claimant that these issues were not raised before the Board and, accordingly, are waived on appeal, Pa. R.A.P. 1551(a).

were proper.[6] Upon remand, the referee awarded counsel fees in the amount of $3,750.00. Then, Employer's insurance carrier appealed. A divided panel of our Court in *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 610, 399 A.2d 1178 (1979) *(Weidner II)* reversed the Board and disallowed the award of counsel fees. The basis for disallowing the fees was that Claimant Weidner had a contingent fee arrangement with his attorney whereby the attorney would receive twenty percent of any award, but if no award was made to Claimant, there would be no fee. Because the attorney merely resisted a suspension of benefits, Claimant actually *received* no additional award and therefore we held that the attorney was entitled to no fee under his contingent fee agreement with Claimant. In so doing, we specifically recog-

---

[6] Judge ROGERS stated that counsel fees are not dependent upon the claimant's success in defending the petition to terminate, but upon whether there was a reasonable contest. Specifically, Judge ROGERS wrote:

> The appellant seems to contend that the second paragraph of Section 440 relating, *inter alia,* to petitions for termination require [sic] that attorney's fees be awarded in all cases where the contested issue, in whole or in part, has been resolved in favor of the claimant. We do not agree with this construction. We believe, rather, that the preposition *as* in the final phrase, 'as hereinabove set forth,' expresses the Legislature's intention that costs in such cases shall be awarded in the circumstances described in the first paragraph of Section 440. Hence, attorney's fees shall be awarded unless a reasonable basis for the employer's contest has been established; or otherwise expressed, the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based.

*Weidner I,* 16 Pa. Commonwealth Ct. at 565, 332 A.2d at 887 (emphasis in original).

nized that under Section 442 of the Act, 77 P.S. §998, a claimant and his attorney can enter into an arrangement where no fee will be due unless certain circumstances occur. When such an agreement exists, we reasoned, no award may be made under Section 440. We further explained in *Weidner II* that Section 440's purposes are to deter unreasonable contests of workmen's compensation claims and to ensure that claimants who are successful in their litigation receive compensation undiminished by litigation costs. Thus, we reasoned in *Weidner II* that the claimant's continuing receipt of benefits due to his resisting of the suspension petition did not, by the terms of his contract with his attorney, result in his compensation being diminished. Therefore, we held that an award of attorney fees was inappropriate.

The Supreme Court reversed this Court's *Weidner II* decision and held that counsel fees were proper, but only for the work the attorney did in securing the initial award, *i.e.*, the $3,750 award for the work the attorney performed in representing the Claimant, not for the efforts the attorney expended in his attempt to obtain counsel fees. Thus, *Weidner (Pa.)* establishes that an attorney is only entitled to fees where the work he does is on behalf of the *client's* interests, not his own.[7]

---

[7] Our reasoning in *Weidner II* was specifically rejected by the Supreme Court when it stated:

> The Commonwealth Court erred in limiting Section 440 of the Act solely to recoupment as provided in Section 442. Our examination of these two separate statutory sections leads us to believe they serve different purposes. Section 442 evidences a legislative intent of protecting claimants against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements. As such, it is properly limited to recoupment. Section 440, on the other hand, shows a legislative intent of protecting claimants against unreasonable contests of a claimant's initial or continuing right to the bene-

What *Weidner (Pa.)* did not clearly decide was whether an *employer's* appeal from an award of counsel fees under Section 440 of the Act makes additional counsel fees proper. Keeping in mind that the relevant inquiry is whether the work done by the attorney is on behalf of the claimant's interests, it is our view that an award of counsel fees to an attorney defending against an employer's appeal of an award of attorney's fees is permissible under *Weidner (Pa.)* in certain circumstances. In the instant case, the Claimant's fee arrangement with his attorney was not upon a contingency basis. Therefore, if Claimant does not defend the award of fees on appeal and that award is reversed, the money to pay his attorney will come out of Claimant's own pocket. In contrast, *Weidner (Pa.)* involved a contingency fee arrangement, and while the termination petition which Claimant resisted at first did endanger his own benefits, the appeal over counsel fees did not. Therefore, in *Weidner (Pa.)* the pursuit of counsel fees on appeal was done solely for the benefit of counsel, since claimant *qua* claimant had nothing to lose if the award of counsel fees was ultimately reversed on appeal. Thus, *Weidner (Pa.)* is distinguishable from the case at bar. Accordingly, we hold that the attorney here is entitled to an award of attorney's fees under Section 440, and we will remand

---

fits of the act, including the benefit of a suspension, where a monetary award is not possible. To limit Section 440 to the same policy of recoupment as Section 442 would frustrate the legislative purpose of protecting claimants against unreasonable contests of their right to suspension since claimants dependent upon compensation for themselves and their families are not often in a position to incur a fixed obligation to their attorneys where there is no hope of that attorney's creating a fund out of which it can be paid. *Weidner v. Workmen's Compensation Appeal Board*, 497 Pa. 516, 521, 442 A.2d 242, 244 (1982).

for findings on the amount due and entry of an appropriate order by the Board.

Finally, Claimant asks that we direct the Board to grant him attorney's fees for appeal to this Court. This would entail an examination of the underlying factual arrangement and agreement as to counsel fees on appeal before this Court. Therefore, it should be addressed by the Board and the referee on remand in the same manner and to the same extent as is warranted in establishing attorney's fees for counsel's work in defending the appeal before the Board.

Based upon the foregoing discussion, the order of the Board is reversed and the case is remanded for computation of attorney's fees due Claimant.[8]

### ORDER

NOW, October 27, 1987, the order of the Workmen's Compensation Appeal Board in the above captioned matter is hereby reversed and the case is remanded for computation of attorney fees due Claimant. Should additional evidence with respect to the amount of attorney's fees due be necessary the Board is authorized to conduct further hearings.

Jurisdiction relinquished.

---

[8] This case was assigned to the opinion writer on June 9, 1987.

---

CONCURRING OPINION BY SENIOR JUDGE KALISH:

I concur in the result only.

Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996, provides two methods of computation of costs, including attorney's fees: (1) where liability is unreasonably contested and decided favorably for the claimant, and (2) in contested cases involving petitions to modify compensation awards where the

contested issue is resolved in favor of the claimant, the claimant shall be awarded reasonable costs. It is to be noted that there is no provision in the second section of this provision that the modification petition be an unreasonable one, only that a contest of the original award be unreasonable.

In *Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 442 A.2d 242 (1982), the referee had failed to award counsel fees in his initial decision, and the claimant specifically appealed this issue. Our court on appeal remanded, holding that the contest was unreasonable and counsel fees were proper. Upon remand, the referee awarded counsel fees, and it was the employer's insurance carrier which appealed. Upon reaching our Supreme Court, it was held that where there has been an unreasonable contest advanced by the employer, an award of attorney's fees is proper for the work the attorney did in securing the initial award, *i.e.,* where the attorney was acting on the claimant's behalf. *Weidner* at 522, 442 A.2d at 245.

In *Weidner,* the court said that section 440 of the Act, 77 P.S. §996, shows a "legislative intent of protecting claimant against unreasonable contests of a claimant's *initial or continuing right to the benefits of the act"* (emphasis added). *Weidner* at 521, 442 A.2d at 244. Thus, payment is not barred for all costs by those who incurred them on *behalf of a claimant,* including reasonable fees to claimant's counsel. To reach a different result would be to discourage lawyers from engaging in the modification proceedings in which the only benefit to the claimant may be a nonmonetary award.

Petitioner had a right to engage counsel to pursue the modification issue on his behalf, even though such representation extended beyond the initial referee's hearing. As the Supreme Court indicated in *Weidner,* the intent of section 440 of the Act, 77 P.S. §996, was to

protect a claimant against an unreasonable contest of a claimant's initial claim of liability and to protect the continuing right to the benefits of the Act, once such right is established and sought to be modified. If petitioner did not act, the attorney would still be entitled to his fee, and petitioner, rather than respondent, would have to pay it.

Once the contested right of liability is sought to be modified and is *resolved* in favor of a claimant, the claimant is entitled to an award of costs and attorney's fees. When respondent withdrew its petition to modify, that issue was terminated and since there was no change in the original award, the resolution was favorable to petitioner. Petitioner is therefore entitled to reasonable costs as set forth in section 440 of the Act, 77 P.S. §996.