Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

**Bonita BROSE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KEYSTONE OPTICAL LABORATORY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 1997.

Decided March 27, 1998.

DOYLE, Judge.

Bonita Brose (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) which raises once again the issue of a claimant's entitlement to counsel fees, under Section 440 of the Workers' Compensation Act,[1] for an unreasonable contest in litigating by further appeal the award of such fees.

On December 1, 1991, Claimant sustained a work-related injury, in the nature of bilateral carpal tunnel syndrome, while working as a computer operator for Keystone Optical Laboratory (Employer). Claimant subsequently received compensation benefits pursuant to a Notice of Compensation Payable at the rate of $218.00 per week based upon an average weekly wage of $262.00.

On October 26, 1994, Employer filed a petition to terminate Claimant's benefits, alleging that Claimant had fully recovered from her injury as of July 24, 1994. However, by letter dated August 15, 1995, Employer requested that the termination petition be withdrawn. Claimant objected to the withdrawal of the termination petition on the basis that Claimant had incurred expenses in defending the petition and requested the payment of counsel fees and costs.

On September 28, 1995, Claimant's counsel submitted a bill totaling $1,608.00, represent-

---

1. Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996.

ing his time, effort and costs in defending Employer's termination petition on behalf of his client. Thereafter, on October 10, 1995, he submitted a revised bill for counsel fees and costs which totaled $3,311.57. The revised bill included counsel fees for services provided from September 8, 1995, through September 22, 1995, and represented time and expenses incurred in drafting proposed findings of fact and conclusions of law, as well as supporting briefs, **relating to the award of counsel fees.**

After a hearing on September 20, 1995, the Workers' Compensation Judge (WCJ), by decision and order dated February 27, 1996, determined that Employer did not have a reasonable basis for filing the termination petition and accordingly awarded counsel fees to Claimant. The amount of fees awarded by the WCJ was $1,608.00, which was the amount indicated on the original bill as fees and costs specifically incurred in defending the termination petition. The WCJ did not award Claimant the total amount requested, $3,311.57, which included the additional fees and costs of pursuing the award of counsel fees.

Both parties cross-appealed to the Board from the WCJ's decision. By decision and order dated July 1, 1997, the Board affirmed the WCJ's decision. This appeal by Claimant ensued.

On appeal to this Court, Claimant contends that the WCJ and Board committed errors of law in failing to award Claimant counsel fees incurred in pursuing the original award of attorney's fees. The Board concluded as follows with respect to this issue:

On [a]ppeal, Claimant contends that the WCJ committed an error of law when he concluded that Claimant was entitled to reasonable counsel fees and costs but excluded the costs incurred by Claimant's counsel in attempting to recover his own attorney fees.

It is well settled in this Commonwealth that counsel fees cannot be awarded for time and effort expended in trying to sustain an award of one's own attorney fees.... The WCJ found that Claimant's

counsel spent $1,608.00 in preparation of Claimant's defense to the Termination Petition. We believe there is substantial evidence to uphold this finding. Therefore we will not disturb the WCJ's finding.

(Board's Opinion at 4.) (Citation omitted.) In support of its decision regarding counsel fees, the Board cited our decision in *Allums v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 110 Pa. Cmwlth. 444, 532 A.2d 549 (1987), for the proposition that counsel fees may not be awarded for the time and effort expended by an attorney in pursuing his own fees.

Although the *Allums* decision is relevant, the instant case is more closely analogous to the facts in *Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 442 A.2d 242 (1982), in which our Supreme Court, reversing a divided panel decision of this Court,[2] held that, where an unreasonable contest had been advanced by the employer by filing a termination petition, the claimant's counsel was entitled to reasonable compensation from the employer for his time and effort in securing a suspension of benefits for his client, rather than a termination, but that he could not recover additional compensation for his efforts to obtain the fee award. In so holding, the Supreme Court stated as follows:

We therefore conclude that where, as here, there has been an 'unreasonable contest' advanced by the employer and its carrier, an award of attorney's fees is proper under Section 440 of the Act, regardless of whether the claimant himself has actually incurred any costs. Instantly, because counsel clearly incurred some costs on claimant's behalf, the referee's award of fees directly to counsel was proper.

However, while an attorney acting on a claimant's behalf is entitled to reimbursement when there has been an 'unreasonable contest,' an attorney acting on his own behalf is not. Counsel in this case, having made the economic judgment to pursue an award of counsel fees, is entitled to reason-

---

2. *Firestone Tire & Rubber Co. v. Workmen's Compensation Appeal Board (Weidner),* 41 Pa.Cmwlth. 601, 399 A.2d 1176 (1979), *rev'd,* 497 Pa. 516, 442 A.2d 242 (1982).

able compensation from the employer for his time and effort spent in securing a suspension for his client. On this record, however, counsel's representation of the claimant's interests did not extend beyond the initial referee's hearing. Thereafter, his efforts were directed to his own benefit in securing his fee. **Counsel may not, therefore, recover fees for his efforts on appeal from the initial referee's determination, solely in order to obtain a fee award.**

*Weidner,* 497 Pa. at 522–23, 442 A.2d at 245 (emphasis added) (footnote omitted).

Additionally, in *Allums,* we acknowledged the principle and holding of the Supreme Court's *Weidner* decision, stating as follows:

The Supreme Court reversed this Court's *Weidner II* decision and held that counsel fees were proper, but only for the work the attorney did in securing the initial award, *i.e.,* the $ 3,750 award for the work the attorney performed in representing the Claimant, not for the efforts the attorney expended in his attempt to obtain counsel fees. **Thus, *Weidner (Pa.)* establishes that an attorney is only entitled to fees where the work he does is on behalf of the *client's* interests, not his own.**

*Allums,* 532 A.2d at 551–52 (emphasis added)(footnote omitted).

█ Thus, it is clear from these two cases that, where there has been an unreasonable contest by an employer by filing and pursuing a termination petition, and where counsel fees have been awarded pursuant to Section 440 of the Act, the amount awarded by the WCJ should only reflect the time, effort and costs for the claimant's benefit in defending the termination petition and not the expenses incurred by the claimant's counsel in procuring his or her own fee.

Claimant's counsel, however, cites this Court's *Allums* decision for the contrary position, *i.e.,* that counsel fees incurred in procuring the actual award of counsel fees should have been awarded in this case, and further contends that the Claimant will otherwise be required to pay these additional fees out of her own pocket. Specifically, Claimant's counsel directs our attention to the following language from *Allums:*

What *Weidner (Pa.)* did not clearly decide was whether an *employer's* appeal from an award of counsel fees under Section 440 of the Act makes additional counsel fees proper. Keeping in mind that the relevant inquiry is whether the work done by the attorney is on behalf of the claimant's interests, it is our view that an award of counsel fees to an attorney **defending** against an employer's appeal of an award of attorney's fees is permissible under *Weidner (Pa.)* in certain circumstances. In the instant case, the Claimant's fee arrangement with his attorney was not upon a contingency basis. Therefore, if Claimant does not defend the award of fees on appeal and that award is reversed, the money to pay his attorney will come out of Claimant's own pocket. In contrast, *Weidner (Pa.)* involved a contingency fee arrangement, and while the termination petition which Claimant resisted at first did endanger his own benefits, the appeal over counsel fees did not. Therefore, in *Weidner (Pa.)* **the pursuit** of counsel fees on appeal was done solely for the benefit of counsel, since claimant *qua* claimant had nothing to lose if the award of counsel fees was ultimately reversed on appeal. Thus, *Weidner (Pa.)* is distinguishable from the case at bar. Accordingly, we hold that the attorney here is entitled to an award of attorney's fees under Section 440, and we will remand for findings on the amount due and entry of an appropriate order by the Board.

*Allums,* 532 A.2d at 552 (emphasis added). Citing this language, Claimant's counsel contends that, although there was a contingent fee agreement signed by Claimant in this case,[3] because the agreement also provided

---

3. The fee agreement between counsel and Claimant provides in pertinent part as follows:

[I], the undersigned, do appoint the law firm of MARKOWITZ & MARKOWITZ, P.C. **to investigate, institute and maintain an action**

**against Keystone Optical Laboratory Inc.** and any person or firm or corporation, who may be responsible for [my] claim for damages sustained on December 1, 1991, or to effect an amicable settlement.

that Claimant would, "[s]hould no recovery be made," pay to counsel a fee based on a hourly rate, the Claimant would be compelled to pay the attorney's fee at the hourly rate even if no approval of such fee was secured from the compensation authorities.

We initially note that the reliance placed upon our decision in *Allums* by Claimant's counsel is misplaced. The critical factor in that case was not, as Claimant's counsel suggests, the existence or absence of a contingent fee agreement. Rather, it was the fact that in *Allums* the claimant's counsel was acting in the interests of *the claimant* by defending the award of counsel fees challenged by the employer on appeal, and that, if the claimant had lost the appeal, the claimant would have had to pay that amount out of his own pocket. However, these are not the facts of the matter presently before us.

Pursuant to Section 440 of the Act, the WCJ is given the discretion to award reasonable counsel fees to a claimant where there has been an unreasonable contest as to a

> . . . .
> For their services, MARKOWITZ & MARKOWITZ, P.C. shall receive a percentage of all that is received or recovered by reason of any settlement, compromise or verdict in this matter, in accordance with the following schedule:
> 1. Settlement before or during trial or upon verdict 20%
> 2. Upon filing of post-trial motions by either party 20%
> 3. Upon filing of appeal by either party 20%
> . . . .
> . . . . **Should no recovery be made** by [me], [I] understand that [I am] still liable for repayment of expenses to MARKOWITZ & MARKOWITZ, P.C., and will be charged for the office time expended on this matter at the hourly rate of $175.00 per hour and trial time at $250.00 per hour.

(Contingent Fee Agreement at 1–2.) It is clear from this language of the contingent fee agreement that the 20% (40%; 60%) contingent fee was only the measure of counsel fees if there was a "recovery" on Claimant's "claim for damages," which would be totally inapposite to the litigation involved in this case where Claimant was *defending* against the loss of his benefits awarded years earlier. It is rather clear that this *pro forma* fee agreement, at least the contingent fee part, was meant to apply to a claimant during the litigation of an initial claim petition. It does not, as Claimant's counsel suggests, establish a clear entitlement to the fees counsel seeks in this case.

claimant's entitlement to his or her workers' compensation benefits;[4] but, pursuant to Section 442 of the Act, the WCJ is given the authority, and obligation, to approve **all** counsel fees charged to a claimant by his or her attorney. Section 442 of the Act provides in pertinent part as follows:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

**In cases where the efforts of claimant's counsel produce a result favorable**

4. Section 440 of the Act provides as follows:

> (a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.
> (b) If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.
> 77 P.S. § 996.

to the claimant but where no immediate award of compensation is made *such as in cases of termination* or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum.

77 P.S. § 998 (emphasis added).

As noted above, it is clear from the decisions of this Court in *Allums* and our Supreme Court in *Weidner* that, where there has been an unreasonable contest regarding a claimant's entitlement to workers' compensation benefits, and where counsel fees have been awarded pursuant to Section 440 of the Act, the amount awarded and approved by the WCJ should only reflect the expenses incurred for the claimant's benefit in defending the termination petition and not the expenses incurred by the claimant's counsel in procuring his or her own fee.

█ Thus, based upon our review of the record, the WCJ committed no error of law in awarding counsel fees in the amount of only $1,608.00. Consequently, contrary to the assertions of Claimant's counsel, counsel is entitled to only that fee which was approved by the WCJ for his representation of Claimant in this matter, and not $3,311.57 as claimed. Consequently, we note that Claimant does not, as Claimant's counsel suggests in his brief, owe her counsel the difference between the fees approved ($1,608.00) and the amount requested as attorney's fees by counsel ($3,311.57).

Order affirmed.

### *ORDER*

**NOW**, March 27, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.