**Frederick ARNOLD, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BAKER INDUSTRIES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 20, 2004.

Decided Oct. 6, 2004.

Arnold Machles, Bala Cynwyd, for petitioner.

Shawn C. Gooden, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

Frederick Arnold (Claimant) appeals from the order of the Workers' Compensation Appeal Board (Board) which affirmed, as modified, the decision of the Workers' Compensation Judge (WCJ) to award unreasonable contest fees on a *quantum meruit* basis for the closed period May 19, 1993, to August 16, 1994.

On May 19, 1993, Claimant was injured in the course of his employment at Baker Industries (Employer). Claimant filed a claim petition on December 6, 1993. On January 7, 1994, Employer filed an answer denying all knowledge of a work-related injury.

A hearing was held before the WCJ on June 7, 1994. Claimant testified that on May 19, 1993, he was unloading a box from a truck. The truck pulled away from the platform and he fell between the truck and the platform. Notes of Testimony, June 7, 1994 (N.T. 6/7/94) at 4–5.[1] Claimant struck his left leg, back, and head. He also scraped his leg and hurt his back. One of Claimant's supervisors, Darryl, witnessed the accident. N.T. 6/7/94 at 5. After the fall, Claimant notified another supervisor, Ruth White (White), that he was injured and needed to go to the hospital. N.T. 6/7/94 at 6.

Claimant went to Germantown Hospital where X-rays were taken and his leg was bandaged. N.T. 6/7/94 at 7. Claimant returned to work a couple of days after the accident, but advised White that he could not complete the day of work because his back hurt. N.T. 6/7/94 at 8. Claimant did not return to work after May 20, 1993, and

---

1. There was no reproduced record filed in this case; therefore, this Court will cite directly to the hearing and deposition transcripts.

has not been able to perform his pre-injury position. N.T. 6/7/94 at 13, 15.

Claimant also presented the deposition testimony of his treating doctors, Althea Hankins, M.D. (Dr. Hankins), Barry Marks, M.D. (Dr. Marks), and Ghassem Kalani, M.D. (Dr. Kalani), all of whom testified that Claimant suffered injuries to his neck, lower back and left leg that were related to his May 19, 1993, job accident.[2]

On August 16, 1994, (which was two months after the hearing, and fifteen months after the accident), Employer had Claimant examined by its medical witness, James Bonner, M.D. (Dr. Bonner) for the first time. Dr. Bonner testified that Claimant sustained a lumbosacral strain and sprain, a left thigh abrasion and cervical sprain but had recovered from these injuries by August 16, 1994. Deposition of James Bonner, M.D., March 28, 1995, at 22.

The WCJ found the testimony of Dr. Hankins, Dr. Kalani, and Dr. Marks to be more credible than the testimony of Dr. Bonner. The WCJ concluded that Claimant had provided timely and proper notice

of his May 19, 1993, work injury. WCJ Decision, April 17, 1998, Finding of Fact No. 9, at 14. The WCJ further found that Claimant and his attorney had a reasonable 20% contingent fee agreement, and that Employer had presented a reasonable contest as Employer contested the *extent* of Claimant's disability. The WCJ ordered Employer to pay Claimant's attorney counsel fees in the amount of 20% of the compensation awarded to Claimant, "said amount to be chargeable solely against Claimant's award." WCJ Decision, 4/17/98, at 18.

Claimant appealed to the Board, which affirmed the WCJ's conclusion that Claimant suffered a work-related injury, but reversed the WCJ's decision to deny Claimant's attorney fees for unreasonable contest and remanded the case for a finding regarding the appropriate attorney's fee:

> Defendant [Employer] did not show that it had a reasonable basis to question Claimant's allegations that he sustained a work-related injury or that Claimant

2. Dr. Hankins testified that she first saw Claimant on November 29, 1993. At that time she took a history and performed an examination. Deposition of Althea Hankins, M.D., April 13, 1995, at 9–10. (Dr. Hankins' Deposition). Dr. Hankins diagnosed him with multiple contusions and reactive depression related to his work injury. She prescribed Zoloft and physical therapy. Dr. Hankins' Deposition at 12. Dr. Hankins ordered CT scan and nerve conduction studies because Claimant continued to have back pain. Dr. Hankins' Deposition at 13. Based on those studies, Dr. Hankins diagnosed Claimant with lumbar disc herniation, cervical strain and radiculopathy. Dr. Hankins opined that Claimant was not able to perform his job duties as a laborer. She referred Claimant to a specialist, Dr. Kalani. Dr. Hankins' Deposition at 22–23.

Dr. Kalani treated Claimant from December 2, 1993, to January 11, 1996. Deposition of Ghassem Kalani, M.D., January 29, 1996,

at 14, 38. (Dr. Kalani's Deposition). Based on Claimant's history and examinations, Dr. Kalani diagnosed Claimant with persistent cervical sprain and strain with mild ligamentous injuries, traumatic myofascitis of left trapeziums muscle, persistent dorsal and lumbosacral strain and sprain, disc bulge and osteophyte formation at L–4/L–5, herniated disc on the left at L–5/S–1 and possible lumbar radiculopathy, all of which were related to his May 19, 1993, job accident. Dr. Kalani's Deposition at 39–40.

Dr. Marks first examined Claimant on May 25, 1993. He treated Claimant until September 15, 1993. According to Dr. Marks, Claimant suffered a cervical strain and sprain, lumbar strain and sprain, left leg contusion, post concussion syndrome, and headaches which were directly related to the May 19, 1993, fall. Deposition of Barry Marks, M.D., February 8, 1995, (Dr. Marks' Deposition) at 9–10.

so notified Defendant [Employer], and Defendant [Employer] offered no evidence to rebut these allegations. Dr. Bonner's examination took place fifteen months after the date of injury, and seven months after Defendant began its contest. At that time Defendant [Employer] originally chose to contest payment of compensation, Defendant [Employer] had no reasonable grounds to do so, and Dr. Bonner's post hoc examination cannot convert Defendant's [Employer] contest into a reasonable one. *Pruitt [v. Workers' Compensation Appeal Board]*, 730 A.2d [1025] at 1028–1030 [Pa.Cmwlth. 1999]. Therefore, the Judge erred in denying Claimant's request for attorney's fees, and we reverse the Decision and Order in this respect and remand for a finding regarding the appropriate attorney's fee.

Board Opinion, June 26, 2000, at 5–6.

On remand, the WCJ held a hearing on the issue of the amount of unreasonable contest fees to be awarded. Claimant's counsel submitted an affidavit attesting that he and his associate worked 61.7 hours representing Claimant through the prior appeal process, for a total fee of $12,750.00. The WCJ found counsel's hourly rates fair and reasonable and awarded counsel fees on a *quantum meruit* basis. However, the WCJ concluded that Employer's contest of liability was reasonable *after* the date Claimant was examined by Dr. Bonner. The WCJ awarded unreasonable contest fees for the closed period "of May 19, 1993 to and including June 13, 1994 [3], at the rate and

amounts indicated in counsel's affidavit." WCJ Decision, September 16, 2002 at 2. The WCJ did not award counsel fees for work performed by counsel on Claimant's appeal to the Board from the first WCJ decision.

Both parties cross-appealed to the Board. The Employer filed a Petition for Supersedeas which was granted as to the attorney's fee for unreasonable contest. The Board ordered that, pending a decision on the merits, 20% of the Claimant's compensation to be deducted and forwarded to the Claimant's attorney until such time as it acted on the merits of the appeal. Subsequently, by decision and order dated March 12, 2004, the Board affirmed the WCJ, but modified the order to reflect the correct date of Dr. Bonner's examination, i.e., August 16, 1994. This appeal ensued.

On appeal [4], Claimant contends that the WCJ and Board committed errors of law in (1) limiting the award of unreasonable contest fees to the date when Employer had Claimant examined by its medical witness; (2) awarding unreasonable contest fees based on *quantum meruit*, rather than on the agreed upon 20% contingent fee basis; and (3) failing to award counsel fees incurred in his appeal from the WCJ's original award which denied unreasonable contest fees.

In his first issue, Claimant contends that the WCJ erred because he did not award unreasonable contest fees for work performed by his attorneys after the date Employer's medical witness examined

---

**3.** The WCJ mistakenly used the date June 13, 1994, as the date of Dr. Bonner's examination. Actually, Dr. Bonner examined Claimant on *August 16, 1994.* The Board modified the WCJ's Order to correct this clerical mistake.

**4.** Our scope of review is limited to determining whether constitutional rights were violat-

ed, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Cmwlth. 288, 572 A.2d 843 (1990).

Claimant. Claimant contends that Employer's original contest was unreasonable, and a later medical examination on behalf of Employer did not convert an unreasonable contest to a reasonable one. Therefore, Claimant argues, Employer should be responsible for all of Claimant's counsel fees throughout the entire proceeding. This Court disagrees.

In *Crouse v. Workers' Compensation Appeal Board (NPS Energy SVC)*, 801 A.2d 655 (Pa.Cmwlth.2002), this Court held that while a subsequent independent medical examination does not cure Employer's previous unreasonable contest, "an unreasonable contest might become reasonable at some later point in the proceedings and thereby end an employer's exposure to unreasonable contest fees for fees incurred *after* producing evidence sufficient to support a finding of reasonable contest." *Crouse*, 801 A.2d at 660 (emphasis in original).

In *Crouse*, Wilbur Crouse (Crouse) injured his neck, right shoulder, arm and hand in the course of his employment with NSP Energy Service (NSP). Crouse filed a claim petition, and NSP filed an answer denying all of the material allegations of Crouse's petition. At the time the claim petition was filed, NSP had no credible information to justify a denial of the petition. NSP did not come into possession of medical evidence to support its position until December 28, 1995, the date its medical witness examined Crouse. This Court determined that prior to December 28, 1995, NSP's contest was unreasonable. However, this Court recognized that in a claim petition proceeding, the existence of the degree of disability may provide a basis for a reasonable contest at some point later in the proceedings, depending upon the totality of the circumstances. *Crouse*, 801 A.2d at 658. Because the testimony of NSP's medical witness was in

conflict with Crouse's medical witness as to the extent of the injury, NSP's contest became reasonable as of the date of the examination by its doctor. Accordingly, this Court affirmed the Board's refusal to award unreasonable contest fees for fees incurred *after* Employer produced evidence sufficient to support a finding of reasonable contest.

■ In this controversy, there is no dispute that Employer's original contest was unreasonable. However, Employer's contest became reasonable when it obtained Dr. Bonner's opinion, contrary to that of Claimant's witnesses, that Claimant recovered from his work related injuries as of August 16, 1994. Applying this Court's analysis in *Crouse*, this Court concludes that the WCJ properly refused to award Claimant unreasonable contest fees after August 16, 1994, which is the date when Dr. Bonner testified that Claimant had fully recovered from the May 19, 1993, injuries.

■ In his second issue, Claimant contends that the WCJ erred when he awarded fees for an unreasonable contest based on *quantum meruit* because the WCJ already found the 20% contingent fee was reasonable and no appeal was taken from that decision. Claimant further contends that the entire 20% counsel fee should be paid by Employer, and not be taken out of Claimant's benefits.

The record fails to reveal that Claimant raised this issue before the Board. The only issues raised before the Board were (1) whether the WCJ erred in finding that Employer's contest became reasonable once it had Claimant examined by its medical witness, (2) whether the WCJ erred in awarding counsel fees beyond the date Employer had Claimant examined by its medical witness, and (3) whether the WCJ failed to award counsel fees for appellate activity. Claimant's Appeal from Judge's

Findings of Fact and Conclusions of Law at 1. Claimant failure to raise this issue before the Board deprived the Board of the opportunity to cure any error. Therefore, it is waived. *Mearion v. Workers' Compensation Appeal Board (Franklin Smelting & Ref. Co.)*, 703 A.2d 1080 (Pa. Cmwlth.1997) (any issue not raised before the Board is waived and will not be heard by this Court on appeal).[5]

■ In his third issue, Claimant contends that the WCJ erred when he did not award attorneys fees for the time his attorneys spent in pursuing the initial appeal on the unreasonable contest fee issue.[6] This Court agrees.

In *Weidner v. Workmen's Compensation Appeal Board (Firestone Tire and Rubber)*, 497 Pa. 516, 442 A.2d 242 (1982), our Supreme Court held that an attorney may not recover fees for his efforts in obtaining his own fee award.

However, *Weidner* is distinguishable from the facts of this case. *Weidner* involved a termination petition filed by the claimant, Leverne Weidner's (Weidner) employer, Firestone Tire and Rubber, Co. (Firestone). The referee found that Firestone's termination petition was unreasonable because the evidence only supported a suspension of benefits. The referee failed to award counsel fees. Weidner appealed the referee's denial of attorney's fees. On remand, the referee awarded $3,750 which represented fees incurred in obtaining the favorable result on Firestone's termination petition. Firestone appealed, and this Court reversed.

On appeal, the Supreme Court held that counsel was entitled to an award of unreasonable contest fees, despite the fact that the WCJ did not err in calculating the unreasonable contest fee award on a *quantum meruit* basis.

However, this Court notes that any attorney's fees remaining to be paid Claimant's counsel after employer pays the *quantum meruit* award (i.e., the difference between the quantum meruit and 20% contingent fee agreement, if one exists) should be deducted from Claimant's compensation award. *Nichols v. Workers' Compensation Appeal Board (Ramsey Construction)*, 713 A.2d 706 (Pa. Cmwlth.1998) (holding that a WCJ may properly limit the fees payable by the employer for unreasonable contest under Section 440 to a sum less than the 20% fee agreed to by the claimant and his attorney, however, because the law is clear that the WCJ shall approve a 20% fee contingent agreement, the WCJ's decision to limit Nichols' counsel fees to less than 20% was error); *see also Bandos v. Workmen's Compensation Appeal Board (Pennbrook Corp./Abbott Dairies)*, 149 Pa.Cmwlth. 199, 611 A.2d 374 (1992).

---

5. Even assuming that Claimant had preserved this issue, this Court would find it to be without merit. First, in light of our disposition of the first issue, Claimant's argument that Employer should pay the *entire* 20% fee must fail. Further, Section 440(b) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996(Act), *requires* the WCJ to award unreasonable contest fees based on *quantum meruit*. Section 440(b) of the Act provides:

> (b) If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

77 P.S. § 996. *See also Ramich v. Workers' Compensation Appeal Board (Schatz Electric)*, 564 Pa. 656, 770 A.2d 318 (2001). Therefore,

6. In his Brief, Claimant asks that this Court direct the Board to grant him attorney's fees for appeal to this Court. Claimant has waived this argument for failure to include it in his statement of questions. Pa.R.A.P. 2116.

Weidner had not, under his particular fee arrangement, incurred any costs (Weidner's fee agreement imposed no cost on him in the absence of counsel's creation of a fund). With respect to attorney fees, the Supreme Court held that while an attorney acting on behalf of his client is entitled to reimbursement when there has been an unreasonable contest, an attorney acting on his own behalf is not. The Supreme Court explained:

> [W]hile an attorney acting on a claimant's behalf is entitled to reimbursement when there has been an 'unreasonable contest,' an attorney acting on his own behalf is not. Counsel in this case, having made the economic judgment to pursue an award of counsel fees, is entitled to reasonable compensation from the employer for his time and effort spent in securing a suspension for his client. On this record, however, counsel's representation of the claimant's interests did not extend beyond the initial referee's hearing. Thereafter, his efforts were directed to his own benefit in securing his fee. Counsel may not, therefore, recover fees for his efforts on appeal from the initial referee's determination, solely in order to obtain a fee award.

*Weidner,* 497 Pa. at 522–23, 442 A.2d at 245 (footnote omitted).

Here, however, unlike *Weidner,* Claimant is not seeking an award of fees for his attorney's efforts in obtaining his own fee award. Rather, Claimant seeks fees incurred by his attorneys for the work they did in the prior appeal from the WCJ's denial of unreasonable contest attorney's fees; work done for the sole benefit of Claimant. That appeal, which resulted in an award of unreasonable contest fees imposed on Employer, did not benefit his attorney because the attorney was entitled in any event, under his contingency agreement with Claimant, to receive his fees from Claimant's compensation award.

In *Allums v. Workers' Compensation Appeal Board (Westinghouse Electric Corp),* 110 Pa.Cmwlth. 444, 532 A.2d 549 (1987), John T. Allums (Allums) was injured during the course of his employment with Westinghouse Electric (Westinghouse). Westinghouse filed a modification petition and then withdrew it. Allum sought attorney's fees pursuant to Section 440 of the Act, 77 P.S. § 996, which was granted. Westinghouse appealed to the Board. Allum's attorney provided a defense against the appeal and was successful. Allum's attorney requested attorney fees from the time and effort he spent defending Westinghouse's appeal of the award of Section 440 unreasonable contest counsel fees. The Board denied Allum's request for additional counsel fees, and Allum appealed to this Court.

Since Allum's fee arrangement with his attorney was not on a contingency basis, if Allum did not defend the award of fees on appeal and that award was reversed, the money to pay his attorney would have come out of his own pocket. Since the attorney worked in furtherance of Allum's interest, the Court awarded the attorney fees for that appeal work since it benefited Allum.

Here, even though the arrangement with Claimant's attorney was based on a contingent fee, *Allums* nevertheless applies.[7] The WCJ originally awarded coun-

---

7. As this Court explained in *Brose v. Workers' Compensation Appeal Board (Keystone Optical Laboratory),* 710 A.2d 637 (Pa.Cmwlth.1998):

> The critical factor in [*Allums* ] was not, as Claimant's counsel suggests, the existence or absence of a contingency fee agreement. Rather, it was the fact that in *Allums* the claimant's counsel was acting in the *interests of the claimant* by defending the award of counsel fees challenged by the employer

sel fees out of Claimant's compensation, and not against Employer. On appeal, Claimant's attorney was successful in reversing the WCJ's failure to award Section 440 unreasonable contest fees which were to be paid directly by Employer, not from Claimant's compensation. This benefited the Claimant because a portion of counsel's fee was not to be subtracted from the funds due Claimant as compensation, but will be reimbursed to Claimant as a reasonable sum for Employer's unreasonable contest. As this Court explained in *Nichols:*

> Obviously, then, legal precedent is such that a claimant's attorney is entitled to the reasonable fee of 20% of his client's award if an agreement to that effect exists, and, if ordered to do so, *an employer must reimburse the claimant a reasonable sum for its unreasonable contest,* which may be less (or even more) than the 20% fee owed by the

claimant to his counsel. (emphasis added).

*Nichols,* 713 A.2d at 708.

In other words, the successful appeal prevented Claimant's benefits from being reduced by the amount of the attorney fees incurred from May 19, 1993, to August 16, 1994. Had Claimant's attorney not expended time on the first appeal, the Section 440 unreasonable contest fees would not have been awarded. As a result of counsel's efforts, the attorney's fees for legal work performed during that time period will now be paid directly by Employer instead of from Claimant's compensation. This results in a direct benefit to Claimant. Claimant's attorney did not benefit, because he would have been paid in any event from Claimant's compensation, under his fee agreement with Claimant. Because the work done by Claimant's counsel on appeal was for the benefit of Claimant, and not for the benefit of counsel, Employ-

---

on appeal, and that, if the claimant had lost the appeal, the claimant would have had to pay that amount out of his own pocket. *Brose,* 710 A.2d at 640 (emphasis in original). In *Brose,* this Court affirmed the WCJ's denial of attorney's fees for time spent by Bonita Brose's (Brose) attorney in drafting supporting briefs, findings of fact and conclusions of law relating to the award of unreasonable contest counsel fees. *Brose,* like *Weidner,* involved a termination petition which, if granted, would have resulted in the cessation of compensation and counsel fees. The referee found Brose's employer, Keystone Optical Laboratory (Keystone) did not have a reasonable basis to file the termination petition, and awarded unreasonable contest fees for the ·time and effort expended by Brose's attorney in defending against the termination petition. As for attorney's fees for time spent drafting the request for the award of unreasonable contest fees, this Court noted that under Section 442 of the Act, 77 P.S. § 998, in cases where the efforts of claimant's counsel produce a result favorable to the claimant but where *no immediate award of compensation is made* (such as in the case of suspension or termination), the hearing official shall award

reasonable counsel fees, *as agreed upon by claimant and his attorney.* Under the fee agreement between Brose and her attorney, a twenty percent contingent fee was the only measure of counsel fees if there was a recovery on Brose's claim for damages. *Brose,* 710 A.2d at 639 fn. 3. The fee agreement did not require Brose to pay her attorney an hourly fee for his work on the termination petition. Thus, the time and effort spent by Brose's attorney in attempting to procure his fee under Section 442 of the Act, 77 P.S. § 996, only benefited the attorney, not Brose, since Keystone's payment or non-payment of the fees for the termination petition did not affect Brose's interests under her arrangement with her attorney. The work done by the attorney in procuring his fee did not benefit Brose since Brose was not entitled to "reimbursement" of these fees, as she did not owe counsel fees for work on the termination petition under her fee agreement. *Brose* is distinguishable from this case where, like *Allums,* counsel's efforts benefited claimant by preventing the reduction of his compensation by the amount of the *quantum meruit* counsel fee.

er must be directed to pay Claimant's attorneys fees, on a *quantum meruit* basis, for the time spent on the appeal from the first WCJ's decision to deny unreasonable contest fees.

Accordingly, for the foregoing reasons, the order of the Board is reversed and remanded for further remand to the WCJ for an award of reasonable attorney's fees consistent with this opinion.

### *ORDER*

AND NOW, this 6th day of October, 2004, the order of the Workers' Compensation Appeal Board in the above captioned matter is reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.