Kevin **CARDWELL**, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (Illumelex Corporation), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 7, 2001.
Decided Nov. 1, 2001.
Reargument En Banc Denied Jan. 8, 2002.

Neil S. Kernzer, Philadelphia, for petitioner.

No appearance entered for respondent.

Before DOYLE, President Judge, McGINLEY, Judge, and McCLOSKEY, Senior Judge.

McGINLEY, Judge.

Larry Pitt & Associates (Pitt), attorney for Kevin Cardwell (Claimant), seeks review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) denial of Pitt's request for attorney fees of 33⅓ percent of Claimant's lump sum total of $87,500.

The WCJ made the following pertinent findings of fact:

1. The Claimant testified to his understanding of the Agreement and as to many of the factual matters contained therein. He testified that he had discussed with his attorney (the head of the firm, who was not present at the hearing) the provision of the Compromise and Release Agreement providing for an attorney fee of 33⅓ percent of the overall lump sum. The Claimant's testimony is credible.

. . . .

3. Workers' Compensation Judge Donald Poorman had previously approved a 20 percent fee for Claimant's counsel at the time he granted Claimant's Petitions for Reinstatement of Benefits and to Set Aside Final Receipt in January, 2000. (footnote omitted).

4. No quantum meruit evidence was submitted; nor was any other evidence submitted as to any unusual work performed by Claimant's counsel in connection with the Compromise and Release or Penalty Petitions—i.e., work above and beyond the work normally required to negotiate an agreement of this kind.

5. The Defendants' [Illumelex Corporation] hearing counsel expressed no opinion as to the attorney fee provisions except to express concern as to the possibility of the Defendants' [Illumelex] having to continue to make disability payments during any period taken by the Judge to consider the matter.

6. On the day of the August 9 hearing, I signed an interim order essentially ordering the Defendants [Illumelex] to (a) pay 66⅔ percent of the $87,500 lump sum to the Claimant . . .; (b) pay 20 percent of the $87,500 lump sum to the Claimant's counsel; and (c) hold the remaining 13⅓ percent in escrow pending further order.

7. It was agreed by all present at the hearing that if I were to disapprove the portion of the attorney fee exceeding 20 percent, the balance should be paid directly to the Claimant. Those present disclaimed any wish to renegotiate the Compromise and Release Agreement itself in such event.

8. The attached Compromise and Release Agreement by Stipulation was executed by the Claimant and by the attor-

neys for both sides, and I find that (with the proviso below) the Claimant understands the full legal significance of the Agreement taken as a whole, including the effect that it would have on the future payments of Workers' Compensation disability benefits and medical expenses; however, for reasons discussed below, I make no finding, pro or con, as to the Claimant's understanding of the attorney fee provision of the Compromise and Release Agreement.

9. . . . [A]lthough I find that the Claimant had signed the affidavit and fee agreement and was agreeable to the deduction and payment of a 33⅓ percent attorney fee to the extent permitted by law; a fortiori, I find that he was agreeable to the deduction and payment of any lesser amount as the attorney fee, to the extent permitted by law.

WCJ's Decision, September 8, 2000, Findings of Fact Nos. 1 and 3–9 at 2–3.

The WCJ denied Pitt's request for attorney fees in the amount of 33⅓ percent and concluded that "[i]n the present case, there has been no evidence or other 'cause shown' under the first paragraph of § 442 with respect to any circumstances in this case justifying a percentage higher than 20 percent." (footnote omitted). WCJ's Decision at 5.

The Board affirmed and concluded:

Counsel [Pitt] . . . contends that since there is no award of compensation, but there is a result favorable to Claimant, the second paragraph of Section 422 provides that the hearing official shall allow reasonable counsel fees as agreed upon by the claimant and his attorney without regard to any per centum. . . .

. . . .

Assuming arguendo that the second paragraph of Section 442 controls, our reading of that provision connotes a situation in which a claimant is successful in defending against a defendant's termination petition, for example, and his benefits therefore continue. In such a case, although there is no concrete amount being awarded such as in a claim petition context, there can be no dispute that the claimant's attorney is entitled to a fee for the time and effort spent in defending the claimant, perhaps on a quantum meruit basis, without regard to what the total cost of that defense amounts to in terms of a per centum of the claimant's continuing benefits. . . .

As noted, the legislative declaration of even the second paragraph of section 442 is that 'reasonable' fees be awarded. . . . The WCJ specifically approved twenty percent as a reasonable fee to account for Counsel's representation of Claimant. Consistent with the rationale of the aforementioned precedent, we determine that the WCJ made no error.

Board's Decision, April 6, 2001, at 4–7.

██ On appeal [1] Pitt contends: 1) that the WCJ lacked the authority under Section 449 of the Workers' Compensation Act (Act) [2], 77 P.S. § 1000.5 to limit the attorney fees agreed to in the Compromise and Release Agreement (C & R Agreement) and 2) that the WCJ must allow any "reasonable" attorney fees above twenty percent pursuant to the language in Section 422 of the Act, 77 P.S. § 998.

Section 449 of the Act provides:

---

**1.** This Court's review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence.

*Boehm v. Workmen's Compensation Appeal Board (United Parcel Services),* 133 Pa. Cmwlth.455, 576 A.2d 1163 (1990).

**2.** Act of June 2, 1915, P.L. 736, *as amended.*

(b) Upon or after filing a petition, the employer or insurer may submit the proposed compromise and release by stipulation signed by both parties to the workers' compensation judge for approval. The workers' compensation judge shall consider the petition and the proposed agreement in open hearing and shall render a decision. The workers' compensation judge shall not approve any compromise and release agreement unless he first determines that the claimant understands the full legal significance of the agreement. The agreement must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses. Hearings on the issue of a compromise and release shall be expedited by the department, and the decision shall be issued within thirty days.

Finally, Section 449(c) of the Act enumerates the specific conditions that must be satisfied before the WCJ can approve the C & R Agreement.[3]

3. Section 449(c) provides:
Every compromise and release by stipulation shall be in writing and duly executed ... [t]he document shall specify:
(1) the date of the injury or occupational disease;
(2) the average weekly wage of the employe as calculated under section 309;
(3) the injury, the nature of the injury and the nature of disability, whether total or partial;
(4) the weekly compensation rate paid or payable;
(5) the amount paid or due and unpaid to the employe or dependent up to the date of the stipulation or agreement or death and the amount of the payment of disability benefits then or thereafter to be made;
(6) the length of time such payment of benefits is to continue;
(7) in the event of a lien for subrogation under section 319, the total amount of compensation paid or payable which should be allowed to the employer;
(8) in the case of death:
. . . .

■ A review of the record reveals that the WCJ fully complied with Section 449 of the Act when he conducted a hearing on the C & R Agreement. The WCJ queried whether Claimant understood that "in return for the lump sum stated within this agreement of $87,500 you are waiving any and all future rights under the ... Act that you have had against your employer and its insurance carrier" and that "you would be giving up your right to any future wage loss payments [and] any right to have your medical bills paid ... even if your condition changes and you feel that due to your work injury your condition worsens at some point.·...." Notes of Testimony (N.T.), August 9, 2000, at 4–5; Reproduced Record (R.R.) at 4a–5a. Claimant unequivocally responded "yes" to the above-mentioned questions and also stated that his attorney had explained the contents of the C & R Agreement to him. The WCJ properly limited his review of the C & S Agreement to the conditions enunciated in Section 449(c) of the Act.[4]

(9) a listing of all benefits received or available to the claimant;
(10) a disclosure of the issues of the case and the reasons why the parties are agreeing to the agreement; and
(11) the fact that the claimant is represented by an attorney of his or her own choosing or that the claimant has been specifically informed of the right to representation by an attorney of his or her own choosing and has declined such representation.

4. Pitt also contends that he was entitled to attorney fees in the amount of 33⅓ percent of the lump sum. *Stroehmann Bakeries, Inc. v. Workers' Compensation Appeal Board (Plouse)*, 768 A.2d 1193 (Pa.Cmwlth.2001). In *Stroehmann* we expressed our belief that "the legislature intended that a C & R should be on equal footing with civil settlements, which are based on a public policy that encourages settlements and stresses finality." *Id.* at 1196. In *Stroehmann*, Stroehmann Bakeries, Inc. (Stroehmann) petitioned for a suspension and termination of Joseph Plouse's (Plouse) benefits on the ground that Plouse was fully recov-

Further, any questions concerning attorney fees at the hearing were addressed in the *context of Section 422 of the Act and not Section 449 of the Act.*[5] Pitt acknowledges that Section 449(c) of the Act is silent concerning the issue of attorney fees.

Pitt next contends that Section 422 of the Act clearly states that where there is a favorable result in favor of the claimant the hearing official shall approve reasonable attorney fees without regard to any per centum. Pitt asserts that his attorney fees of 33⅓ percent of the total amount is reasonable and the customary practice in Pennsylvania.

Section 442 of the Act, 77 P.S. § 998 provides:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

In cases where the efforts of claimant's counsel produces a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum.

In *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Cmwlth.51, 592 A.2d 358, 362 (1991), this Court noted:

> Under the Act, the referee [WCJ] is given the authority in the first instance to determine what constitutes a reasonable fee. In doing so, the referee [WCJ] may, of course, take into account any fee agreement between the attorney and claimant, the legislative declaration of reasonableness, as well as the other factors discussed in our cases. His finding is a conclusion of law and is reviewable by the Board and by this Court.

Further, in *Weidner v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 497 Pa. 516, 521, 442 A.2d 242, 244 (1982), our Pennsylvania Supreme Court stated that *"Section 422 evidences a legislative intent of protecting claimants against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements*

---

ered from his work-related injury. Prior to the WCJ's decision on the consolidated petitions, Stroehmann and Plouse entered a C & R that called for Plouse to receive a lump sum payment of $30,000 in exchange for the release of Stroehmann from liability. Although the C & R was approved by the WCJ, Stroehmann sought a final determination on the petitions in order to meet the technical prerequisites for a reimbursement from the supersedeas fund. The Court emphasized that both C & R's and *settlements stress finality.* *Stroehmann* did not address attorney fees.

5. The WCJ to Neil S. Kernzer, Claimant's attorney and associate of Pitt:
   Q: Would you care to address the nature of the attorney fee in this case?
   A: Yes, Judge. Under Section 442, second paragraph, it states ... where efforts of claimant's counsel produces a result favorable to the claimant to the claimant but where no immediate award of compensation is being made—and that really the operative language—then any reasonable fee agreement between the claimant and his counsel shall be approved....
   N.T. at 8; R.R. at 8a.

[and][a]s such it is properly limited to recoupment." (emphasis added).

 In the present controversy, the Board noted that there were two hearings held and that only the WCJ's exhibits of the February 28, 2000, Decision and the August 9, 2000, Interim Order were presented. The Board noted that these exhibits reflected that the litigation was settled amicably and in a relatively swift manner. Further, the record is devoid of any evidence that justified a per centum greater than twenty.percent. Specifically, there is nothing to indicate the amount and degree of difficulty of the work performed to finalize the C & R Agreement between the parties.

Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of November, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.