**Marjorie LAWSON, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TEMPLE UNIVERSITY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 9, 2004.

Decided Sept. 7, 2004.

ited against both the minimum and maximum time imposed under the court's sentence. 42 Pa.C.S. § 9761(b).

 

Neil S. Kerzner, Philadelphia, for petitioner.

Linda S. Lloyd, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, J., SMITH–RIBNER, J., PELLEGRINI, J., FRIEDMAN, J., LEADBETTER, J., and COHN, J.

OPINION BY President Judge COLINS.

Larry Pitt & Associates (Pitt), attorney for Marjorie Lawson (Claimant), petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) that approved a compromise and release agreement by stipulation between Lawson and Temple University (Employer), denied Employer's termination petition as moot, and awarded Pitt counsel fees in the amount of 20 percent of Claimant's award while denying Pitt's application for counsel fees in excess of 20 percent of said award.

The following facts gave rise to the present matter. Employer agreed to settle Claimant's workers' compensation claim pursuant to Section 449 of the Workers' Compensation Act (Act),[1] and a petition for

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* added by Section 22 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5.

approval of a compromise and release agreement by stipulation, along with a termination petition from Employer, were submitted.

Additionally, Pitt requested a counsel fee of 33 1/3 percent of Claimant's award, rather than the statutorily allowed 20 percent, and at the October 22, 2003 hearing, was given the opportunity to establish cause shown for this request. In this regard, Claimant testified that she had agreed to a counsel fee for Pitt that was one-third, rather than 20 percent of her award. In further support of his request, Pitt stated that his office has represented Claimant since the date of her injury on October 25, 1991, and has been receiving an attorney fee of 20 percent of Claimant's award, a fact substantiated by the record. Pitt also submitted an Affidavit in Support of Approval of Attorney Fee Exceeding Twenty Percent for Cause Shown, but conceded that the itemized professional services set forth in said Affidavit were those customarily rendered for all workers' compensation cases handled in his office. Finally, at the hearing, Pitt argued that the lengthy timeframe during which his office represented Claimant, the amount of work performed on Claimant's behalf, and Claimant's own consent to an attorney fee greater than 20 percent, all constituted good cause shown for allowing him a counsel fee greater than the 20 percent provided by statute.

■ After finding that Pitt failed to show good cause for allowing him a counsel fee in excess of 20 percent, the WCJ granted the petition for approval of the compromise and release agreement by stipulation, dismissed Employer's termination petition as moot, and awarded Pitt an attorney fee in the amount of 20 percent of Claimant's award. Pitt appealed to the Board, which affirmed the WCJ's determination. This appeal followed.[2]

■ On appeal, Pitt argues that Section 442 of the Act, 77 P.S. § 998,[3] pertaining to counsel fees, is unconstitutional on its face in that it violates Article V, Section 10(c) of the Pennsylvania Constitution.[4] This Section, he avers, gives the Supreme Court of Pennsylvania the exclusive authority to regulate attorney conduct and legal practice, including counsel fees. Therefore, Pitt maintains, the legislature never had the authority to regulate the practice of law, attorney conduct, and/or attorney fees, and to then delegate said authority to workers' compensation judges.

We note that in *Samuel v. Workers' Compensation Appeal Board (Container Corporation of America)*, 814 A.2d 274, 277, 278 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 573 Pa. 713, 827 A.2d 1203 (2003), Pitt raised this same constitutional argument, which the Court addressed as follows:

When the constitutionality of a statute is challenged, the litigant, "must meet the burden of rebutting the presumption of

---

**2.** This Court's review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

**3.** Added by Section 3 of the Act of February 8, 1972, P.L. 25.

**4.** Article V, Section 10(c) provides in relevant part that

The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts ... and for admission to the bar and to practice law.... All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

constitutionality by a clear, palpable and plain demonstration that the statute violates a constitutional provision." *Commonwealth v. Stern,* 549 Pa. 505, 512, 701 A.2d 568, 571 (1997) (quoting *Commonwealth v. Kohl,* 532 Pa. 152, 166, 615 A.2d 308, 315 (1992)). In *Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 442 A.2d 242 (1982), the Supreme Court acknowledged that Section 442 evidences a legislative intent to protect claimants against unreasonable fees imposed upon them by their attorneys pursuant to improvident fee agreements. Nothing in the language of Section 442 would preclude the WCJ from permitting a higher fee agreement if the attorney showed that such a fee was commensurate with the attorney's efforts. Nor is Section 442 inconsistent with any other rule promulgated by the Supreme Court that regulates the conduct of attorneys. Accordingly, the Court rejects Pitt's arguments, and it holds that neither the WCJ nor the Board erred in this matter.

■ Applying the foregoing rationale set forth in *Samuel* to the present matter, we again, for the same reasons, reject Pitt's arguments challenging the constitutionality of Section 442. The WCJ found that the documentation submitted by Pitt in support of an attorney fee greater than the 20 percent statutory fee, Claimant's testimony that she agreed to the greater attorney fee, and Pitt's arguments about the length of time he represented Claimant, all failed to establish good cause that would warrant an attorney fee in excess of 20 percent. Specifically, the WCJ found:

13.... The record establishes that Claimant's counsel has been receiving twenty percent (20%) of Claimant's benefits since October 25, 1991 and since this time has represented Claimant on several petitions. This Judge is not persuaded that a counsel fee greater than twenty percent (20%) is warranted based on the significant period of time Claimant's counsel represented Claimant where, as here, Claimant's counsel was paid for the services rendered Claimant via a twenty percent (20%) counsel fee which was chargeable to Claimant's award.

14. The evidence of record fails to establish that negotiating the settlement of the instant workers' compensation matter was out of the ordinary.

15. This Judge finds that the fee agreement Claimant initially entered into with Larry Pitt & Associates of twenty percent (20%) of Claimant's award, chargeable to Claimant's award, is fair and reasonable and is applicable to the Petition for Approval of Compromise and Release Agreement.

Upon review of the record, we conclude that the Board did not err in affirming the WCJ's determination that the documentary material and arguments proffered by Pitt did not support an attorney fee in excess of the amount allowed by statute. In *Cardwell v. Workers' Compensation Appeal Board (Illumelex Corporation),* 786 A.2d 1014, 1018 (Pa.Cmwlth.2001), *petition for allowance of appeal denied,* 569 Pa. 685, 800 A.2d 934 (2002), this Court stated,

In *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service),* 140 Pa.Cmwlth. 51, 592 A.2d 358, 362 (1991), this Court noted:

Under the Act, the referee [WCJ] is given the authority in the first instance to determine what constitutes a reasonable fee. In doing so, the referee [WCJ] may, of course, take into account any fee agreement between the attorney and claimant, the legislative declaration of reasonableness, as well as the other factors discussed in

our cases. *His finding is a conclusion of law and is reviewable by the Board and by this Court.*

Once again, in the present matter, as in *Samuel,* 814 A.2d at 278,

Pitt misinterprets Section 442 as a legislative regulation prohibiting contingent fees. Unlike the statute at issue in *Heller* [*v. Frankston,* 76 Pa.Cmwlth. 294, 464 A.2d 581 (1983)], Section 442 does not limit the amount of the fee that an attorney may recover; rather, it is analogous to Rule 1.5 [of the Rules of Professional Conduct] by requiring the WCJ to determine the reasonableness and the propriety of fee agreements to protect claimants from disingenuous attorneys.

Finally, we note that this is at least the second time that Pitt has brought before this Court the argument for an attorney fee above the 20% amount set by statute, and the second time he has challenged the statute's constitutionality in this regard, which arguments have been consistently rejected. Counsel must be cautioned that any future submission of this identical issue may result in the imposition of sanctions for a frivolous appeal.

Based upon the above discussion, the order of the Board in this matter is affirmed.

### ORDER

**AND NOW,** this 7th day of September 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is **AFFIRMED.**