# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Magurczek, : 
                Petitioner : 
                :
        v. : No. 752 C.D. 2021
                : Submitted: July 1, 2022
Philadelphia Federal Credit Union : 
(Workers' Compensation Appeal : 
Board), : 
                Respondent :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                           FILED: October 20, 2022

In this appeal from a decision of the Workers' Compensation Appeal Board (Board), Stanley Magurczek (Claimant) has filed for summary relief pursuant to Pa. R.A.P. 1532(b). He contends the Pennsylvania Supreme Court's recent decision in *Lorino v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 266 A.3d 487 (Pa. 2021) completely resolves all issues raised in his Petition for Review (Petition) and requires this Court to summarily reverse the Board's decision. While we agree with Claimant's primary argument regarding the effect of *Lorino*, we do not agree that *Lorino* resolves every issue raised in the Petition. Therefore,

we grant the Application for Summary Relief (Application) in part, reverse the Board's order, and remand this matter for further proceedings.

## I.

In July of 1998, Claimant suffered an injury to his left knee while in the course of his employment with Philadelphia Federal Credit Union (Employer). Pursuant to a settlement agreement under the Workers' Compensation Act (Act)[1] reached in 2003, Employer remains responsible for reasonable medical expenses relating to the injury. On August 6, 2019, Employer filed a request for utilization review (UR Request) with the Bureau of Workers' Compensation (Bureau).[2] The Bureau denied the UR Request. In response, Employer applied for review by a workers' compensation judge (WCJ). The WCJ affirmed the Bureau's determination but held that Employer had a reasonable basis for filing the UR Request.[3] The WCJ then awarded $2,500 in attorney's fees to Claimant's counsel (Counsel) pursuant to Section 440(a) of the Act, 77 P.S. § 996(a).[4]

Both Claimant and Employer appealed to the Board. Relying on past cases of this Court holding that attorney's fee awards are not available under Section 440 where the employer presents a "reasonable contest," *see, e.g., Wood v. Workers'*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4; 2501-2710.

[2] Section 306(e) of the Act provides a process through which an employer can challenge the "reasonableness or necessity" of any medical treatment received by an injured worker pursuant to the Act. 77 P.S. § 531(6). Here, Employer challenged the necessity of a certain topical cream used by Claimant to treat knee and low-back pain. *See* Certified Record (C.R.) Item No. 4 (WCJ Decision) at 5-6.

[3] Employer supported the UR Request with multiple reports from a physician who opined that Claimant's pain was adequately managed by oral medication and injections, rendering the topical cream redundant. WCJ Decision at 6, Finding of Fact (FOF) 9(e).

[4] Added by Act of Feb. 8, 1972, P.L. 25.

2

*Compensation Appeal Board (Country Care Private Nursing)*, 915 A.2d 181, 186 (Pa. Cmwlth. 2007), Employer argued the WCJ could not award fees to Claimant while simultaneously acknowledging it had a reasonable basis for filing the UR Request. Importantly, Employer's appeal did not challenge the WCJ's denial of the UR Request, only her award of attorney's fees. Claimant, on the other hand, contended the WCJ failed to adequately explain why the *amount* of fees awarded was less than that reflected in Counsel's billing records.

The Board reversed the WCJ's award of attorney's fees on the basis that "[p]ast precedent has firmly interpreted Section 440 of the Act . . . as only allowing an award of attorney's fees where an employer has been determined to have engaged in an unreasonable contest." C.R. Item No. 9 (Board Decision) at 2 (citing, *inter alia*, *Thompson v. Workers' Comp. Appeal Bd. (Cinema Ctr.)*, 981 A.2d 968 (Pa. Cmwlth. 2009); *Yeagle v. Workmen's Comp. Appeal Bd. (Stone Container Corp.)*, 630 A.2d 558 (Pa. Cmwlth. 1993)). Claimant now appeals to this Court.

## II.

Claimant seeks summary relief pursuant to Pa. R.A.P. 1532(b), which allows for immediate disposition of an appeal where "the right of the applicant thereto is clear." This procedure is "similar to the type of relief envisioned by the Pennsylvania Rules of Civil Procedure regarding judgment on the pleadings and peremptory and summary judgment"—that is, summary relief may only be granted where there are no material disputes of fact and the law clearly favors the applicant's position. Explanatory Note to Pa. R.A.P. 1532; *see also T.L.P. v. Pa. State Police*, 249 A.3d 1, 5 (Pa. Cmwlth. 2021).

**III.**

Claimant's primary argument for summary relief is that *Lorino* repudiated the reasoning relied upon by the Board to deny him an award of attorney's fees. With this, we largely agree. *Lorino* overturned this Court's longstanding rule that Section 440 only allowed attorney's fees if the employer unreasonably contested (or unreasonably prosecuted, in the case of requests for utilization review like that considered here) the claimant's petition for benefits. In relevant part, Section 440(a) provides as follows:

> In any contested case where the insurer has contested liability in whole or in part . . . **the employe** [sic] . . . in whose favor the matter at issue has been finally determined in whole or in part *shall* **be awarded**, in addition to the award for compensation, **a reasonable sum for costs incurred for attorney's fee**, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: **Provided, That cost for attorney fees *may* be excluded when a reasonable basis for the contest has been established by the employer or the insurer.**

77 P.S. § 996(a) (emphasis added). In *Lorino*, the Supreme Court held this Court's previous understanding of this provision "disregarded the distinction between the terms 'shall' and 'may.'" 266 A.3d at 494. Thus, consistent with the permissive definition of the word "may," *Lorino* held that where "the employer has established a reasonable basis for [its] contest . . . the WCJ is *permitted, but not required,* to exclude an award of attorney's fees." *Id.* (emphasis in original).[5]

While the Board properly followed this Court's past precedent, its decision has been rendered erroneous by the Supreme Court's intervening decision in *Lorino*. *See* Board Decision at 4 ("Section 440 does not give WCJ's [sic] discretion to award

---

[5] Consistent with this Court's prior caselaw and a straightforward reading of Section 440(a), *Lorino* held that when an employer's contest is not reasonable, "an award [of attorney's fees] is *mandatory.*" 266 A.3d at 494 (emphasis in original).

attorney's fees where the employer has presented a reasonable contest."). We therefore grant the Application to the extent it seeks reversal of the Board's holding that attorney's fees under Section 440 are automatically excluded based on the WCJ's finding that Employer had a reasonable basis for filing the UR Request.

Claimant, however, goes further than this in his briefing on the Application. In addition to arguing for reversal of the Board, Claimant also contends he is entitled to attorney's fees for time spent appealing to the Board and this Court. *See* Br. in Supp. of App. at 5. The legitimacy of this request depends on whether these appellate proceedings protected Claimant's interests, as opposed to furthering Counsel's pecuniary gain, alone.

In *Weidner v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 442 A.2d 242, 245 (Pa. 1982), our Supreme Court held that an attorney for a workers' compensation claimant may only recover legal fees under Section 440 for work performed in the client's interest, rather than his own. When the attorney works to secure benefits for the claimant or defend against an employer's attempt to terminate or reduce benefits, his efforts are squarely in the claimant's interest. This contrasts with effort expended for the sole purpose of obtaining legal fees *after* the claimant's desired outcome has been achieved. Appeals focused solely on the issue of attorney's fees are often, but not always, in the attorney's sole interest and thus not reimbursable under Section 440. *Id.*

If the claimant and his attorney have a contingency fee agreement,[6] and the relevant type of proceeding under the Act cannot result in an award of wage-loss benefits from which the attorney would draw his fee, an appeal focused solely on

---

[6] Under such an agreement, the attorney takes a percentage of the claimant's overall monetary recovery, but only if "the lawsuit is successful or is favorably settled out of court." Black's Law Dictionary 399 (11th ed. 2019).

5

whether fees should be awarded to counsel does not involve the claimant's interests. *See Allums v. Workmen's Comp. Appeal Bd. (Westinghouse Elec. Corp.)*, 532 A.2d 549, 552 (Pa. Cmwlth. 1987) (observing that because the claimant in *Weidner* was defending against a termination petition and had a contingency agreement with his attorney, he "had nothing to lose if the award of counsel fees was ultimately reversed on appeal"). By contrast, if an appeal over counsel fees will save the claimant from paying those fees as a percentage of an award of wage-loss benefits, *see Arnold v. Workers' Compensation Appeal Board (Baker Industries)*, 859 A.2d 866, 871-73 (Pa. Cmwlth. 2004), or if the claimant and his attorney have an hourly fee agreement not tied to the outcome of the case, the appeal may be in the claimant's interest. *Allums*, 532 A.2d at 552. Under these circumstances, a successful fee appeal benefits the claimant by forcing the employer to pay counsel fees for which the claimant would otherwise be responsible.

Here, the record is ambiguous as to the nature of Claimant and Counsel's fee arrangement. The WCJ found that they have a contingency agreement providing that Counsel will receive 20% of Claimant's monetary recovery, if any. WCJ Decision at 10, FOF 23. This finding, however, is not supported by substantial evidence. Counsel[7] did submit into the record a copy of a contingency fee agreement. C.R. Item No. 15 (providing that Counsel will receive "twenty (20%) percent of any recovery of benefits past, present and into the future which are awarded . . . ."). But inexplicably, this agreement is between Claimant and another law firm. *Id.* (indicating that "Mickey & Moran, P.C." will represent Claimant in a

---

[7] We note that the attorney who represented Claimant before the WCJ is different from the attorney representing him on appeal, but also that both counsel are affiliated with the same law firm, Badey, Sloan & DiGenova, P.C. For convenience, we refer to both as "Counsel" and employ male pronouns for both attorneys.

suit against Employer).  As such, it cannot support the WCJ's finding that "Claimant and his Counsel . . . have a fee agreement, which calls for the payment of a 20% attorney fee for his representation in this matter."  WCJ Decision at 10, FOF 23.

Complicating matters further, Counsel indicates in his brief in support of the Application that he and Claimant have an hourly agreement entitling him to $250 per hour.  Br. in Supp. of App. at 5.  This assertion is supported by testimony from Claimant acknowledging he signed such an agreement with Counsel's firm, Badey, Sloan & DiGenova.  *See* C.R. Item No. 12 (8/20/20 Hearing Transcript) at 15-16.  Claimant also verified a physical copy of this agreement during the same hearing, but it appears Counsel neglected to enter the document into evidence.  *Id.* at 16 (Counsel indicating the agreement "will be uploaded").

In view of these circumstances, we will remand this matter to the Board with instructions to further remand to the WCJ for additional fact-finding as to the true nature of Claimant's fee arrangement with Counsel.  This remand is necessary because whether the agreement is on an hourly or contingency basis is dispositive of the attorney's fees issue presented by this appeal.  *Cf. Robinson Twp. v. Pennsylvania*, 83 A.3d 901, 1000 (Pa. 2013) (clarifying applicable law but remanding for further factual development and ultimate legal determination).

Both Claimant and Employer appealed from the WCJ's decision awarding fees for Counsel's work defending against the UR Request.  As noted above, Employer's appeal did *not* seek to overturn the WCJ's denial of the UR Request— it dealt solely with the issue of Section 440 attorney's fees.[8]  Similarly, Claimant's

---

[8] In its brief to this Court, Employer argues there was no basis for an award of attorney's fees pursuant to Pa. R.A.P. 2744.  True or not, this contention is beside the point.  The WCJ awarded fees to Counsel under Section 440 of the Act, not pursuant to Rule 2744.  The latter rule provides for fee awards where "an appeal is frivolous or taken solely for delay," or where the appealing

7

appeal addressed only the *amount* of fees awarded. Claimant then appealed to this Court after receiving an adverse decision from the Board. Because these proceedings dealt solely with Section 440 attorney's fees, and because the underlying substantive petition was one for utilization review, the appellate proceedings only implicate Claimant's interest if he will be required to pay Counsel out-of-pocket in the event the fee award is reversed.[9] *See Allums*, 532 A.2d at 552. Accordingly, the WCJ may only award counsel fees in this matter if she determines Counsel and Claimant have an hourly fee agreement that entitles Counsel to payment regardless of the outcome of the case.

**IV.**

Although we have resolved the Application, we must also address an additional issue raised in the Petition that does not implicate the Supreme Court's recent decision in *Lorino*. In the Petition, Claimant argues the WCJ "failed to issue a reasoned decision . . . explain[ing] why she . . . reduced the amount of hourly fees" to $2,500 from the $6,925 reflected in Counsel's billing records. Petition at 4, ¶ 18. This is an invocation of Section 422(a) of the Act, 77 P.S. § 834, which requires

_____

party engages in "dilatory, obdurate or vexatious" conduct. This standard differs starkly from an award of counsel fees under Section 440, which requires only that the claimant prevail on "the matter at issue" for which he seeks fees, and that the amount of fees be "reasonable." 77 P.S. § 996(a). Therefore, because neither the Board nor the WCJ made any ruling pursuant to Rule 2744, we reject Employer's argument.

[9] This situation differs from the facts of *Thomas v. Workers' Compensation Appeal Board (Delaware County)*, 746 A.2d 1202 (Pa. Cmwlth. 2000), on which Claimant relies. There, the claimant's attorney pursued a penalty petition and multiple related appeals to force the employer's compliance with an order awarding wage-loss benefits *and* counsel fees. These proceedings were clearly in the claimant's interest because the employer withheld not just counsel's fees, but also a substantial portion of the wage-loss benefits due directly to the claimant. *See id.* at 1205. This is unlike the situation at hand, where both Counsel's and Employer's appeals dealt solely with the issue of Section 440 attorney's fees.

workers' compensation judges to issue a "reasoned decision" in every case that "clearly and concisely states and explains the rationale" for the judges' findings and conclusions. A decision meets this requirement if it "allows for meaningful appellate review without further elucidation," or guesswork as to the judge's rationale. *ICT Grp. v. Workers' Comp. Appeal Bd. (Churchray-Woytunick)*, 995 A.2d 927, 932 (Pa. Cmwlth. 2010) (citation omitted). Additionally, Section 440(b) requires specific findings on the following subjects whenever a workers' compensation judge awards counsel fees:

> [T]he amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.

77 P.S. § 996(b).

Counsel submitted into evidence an "Affidavit of Quantum Meruit Time" (Affidavit) that indicated he spent 27.7 hours on this litigation. *See* C.R. Item No. 17. The Affidavit also provided that, based on Counsel's expertise and experience level, $250 per hour was a reasonable rate of compensation. In her findings of fact, the WCJ acknowledged this document, but ultimately concluded "a fair and reasonable valuation" of Counsel's services would be $2,500, or $250 multiplied by 10 hours. WCJ Decision at 10, FOF 14, 26. The WCJ added only a brief outline of the duration of the proceedings.[10] She did not explain why 27.7 hours was an excessive amount of time to expend on these proceedings or, conversely, why the relative "complexity of the factual and legal issues involved" necessitated only 10 hours of work. 77 P.S. § 996(b). This is not a "reasoned decision" within the

---

[10] The WCJ noted counsel's efforts covered "preparation and appearance at nine (9) hearings, obtaining medical records, the Claimant's live testimony, the preparation of a Brief as well as correspondence of [sic] telephone calls . . . ." WCJ Decision at 10, FOF 26.

meaning of Section 422: it necessarily leaves the reader to guess why the WCJ did not consider the $6,925 indicated by the Affidavit reasonable compensation for Counsel's efforts. While a workers' compensation judge may deviate from the hours reflected in an attorney's billing records to arrive at a "reasonable sum" within the meaning of Section 440, she must always explain the basis for that decision in accordance with Section 422.[11]  Furthermore, aside from briefly sketching the "duration of the proceedings" before her, the WCJ did not address any of the matters enumerated in Section 440(b).  These omissions prevent us from conducting "meaningful appellate review."  *ICT Grp.*, 995 A.2d at 932.  Accordingly, we will remand the matter for the WCJ to clarify her rationale for reducing Counsel's fee award.  If she deems it necessary, the WCJ may take additional evidence on this issue.

_____<br>
STACY WALLACE, Judge

---

[11] To be absolutely clear, *Lorino* establishes that when a contested case is resolved in favor of an employee, a workers' compensation judge has discretion to award or deny attorney's fees in the face of an employer's reasonable contest.  266 A.3d at 494.  Independent of that holding, Section 422 imposes an obligation on the judge to adequately explain her decisions in this regard, including whether to award a lesser amount of fees than is requested by the claimant's attorney.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Magurczek,                          :
                              Petitioner    :
                                            :
              v.                            :    No. 752 C.D. 2021
                                            :
Philadelphia Federal Credit Union           :
(Workers' Compensation Appeal               :
Board),                                     :
                              Respondent    :

## **O R D E R**

**AND NOW**, this 20th day of October 2022, the Application for Summary Relief filed by Petitioner Stanley Magurczek is **GRANTED IN PART** and the June 10, 2021 order of the Workers' Compensation Appeal Board is **REVERSED**. Furthermore, this matter is **REMANDED** to the Board with instructions to further remand to a Workers' Compensation Judge for the following purposes:

1) Additional fact-finding as to the fee agreement between Petitioner and his counsel, with the legal consequences of these findings to be determined in accordance with this Court's memorandum opinion; and

2) Issuance of a new decision clarifying the rationale behind the Workers' Compensation Judge's decision to deviate from the amount of fees reflected in the Affidavit of Quantum Meruit submitted by Petitioner's counsel, in accordance with Sections 422(a) and 440(b) of the Workers' Compensation Act, 77 P.S. §§ 834, 996(b).

Jurisdiction relinquished.

_____
STACY WALLACE, Judge